Form OSWD4 (09/09)

**United States Bankruptcy Court**
**Western District of Michigan**
One Division Ave., N.
Room 200
Grand Rapids, MI 49503

| | |
|---|---|
| **IN RE:** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br><br>**Donna Wild**<br>27887 Burmax Park<br>Dowagiac, MI 49047<br>SSN: xxx–xx–9985<br><br>**Debtor(s)** | **Case Number 11–11387–swd**<br><br>**Chapter 7**<br><br>**Honorable Scott W. Dales** |

# NOTICE OF CONVERSION OF CASE UNDER CHAPTER 13
# TO CASE UNDER CHAPTER 7 TOGETHER WITH RELATED ORDER

At a session of the U.S. Bankruptcy Court, held in the Western District of Michigan on April 16, 2013 .

PRESENT: Honorable Scott W. Dales
United States Bankruptcy Judge

Debtor filed a notice of conversion from Chapter 13 to Chapter 7 in accordance with 11 U.S.C. § 1307(a) on April 15, 2013 , and therefore this case is converted to a Chapter 7 case as of that date. Fed.R.Bankr.P. 1017(f)(3). The obligations of the Chapter 13 Trustee and the Debtor with respect to the conversion are set forth in Fed.R.Bankr.P. 1019.

The United States Trustee has designated Stephen L. Langeland to serve as the interim trustee in the Chapter 7.

In conjunction with the conversion of this case, IT IS HEREBY ORDERED THAT:

1. Debtor shall provide W–2 forms to employees (if any) within 30 days of this order.

2. All orders entered during the Chapter 13 proceeding which required the employer of the Debtor to submit monies to the Chapter 13 trustee are hereby terminated as of the date of this order.

3. Any person who has a claim for payment of an administrative expense that arose post–petition but prior to the conversion of the case to Chapter 7, and who has not already filed with the Court a request for payment of that administrative expense shall file such a request for payment with the Court (One Division Street, N.W., Grand Rapids, MI 49503) by no later than sixty (60) days from the date this notice and order was served.

4. The Chapter 13 Trustee, within 30 days after all checks written by the Trustee have cleared, shall file an accounting of all receipts and distributions made, as required by Bankruptcy Rule 1019(5)(B).

5. Section 348(f)(2) of the Bankruptcy Code provides that if the conversion of the Chapter 13 case to a Chapter 7 case is in "bad faith" then the property of the estate for purposes of the Chapter 7 case shall consist of the "property of the estate" as of the date of conversion as opposed to the "property of the estate" as of the date of the original petition that remains in the possession or control of the debtor as of the date of the conversion. Any creditor or other party in interest who contends that Debtor's conversion of the Chapter 13 case to a Chapter 7 case was in "bad faith" for purposes of 11 U.S.C. § 348(f)(2) shall assert that position in a written motion filed with this Court within thirty (30) days of the service of this order together with a proof of service indicating that service has been made upon the Debtor, the United States Trustee, the Chapter 13 Trustee, and the Chapter 7 Trustee. Failure to file such a motion within this time may estopp a party–in–interest from asserting the protection of Section 348(f)(2).

6. The Chapter 13 Trustee shall, pursuant to Bankruptcy Rule 1019(4), forthwith turn over to the Chapter 7 Trustee all records of the estate, as well as all property being held by the Chapter 13 Trustee that represents "non−wage" income or "non−wage" assets of the Debtor. If the Chapter 13 Trustee also holds "wage" income or "wage" assets, the Chapter 13 Trustee shall immediately notify the Chapter 7 Trustee about the type and source of such property. The Chapter 13 Trustee shall continue to hold such "wage" income and "wage" assets until the time within which a Section 348(f)(2) "bad faith" motion may be made pursuant to this order. If a timely motion is filed, then the "wage" income and "wage" assets shall also be turned over to the Chapter 7 Trustee pending further order of this Court. If, however, a timely motion is not filed, then the "wage" income and "wage" assets, together with any other assets not required to be turned over to the Chapter 7 Trustee, shall be disbursed by the Chapter 13 Trustee pursuant to the Bankruptcy Code, Bankruptcy Rules and applicable law.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this notice and related order by first−class, United States mail, postage prepaid, or electronically by CM/ECF upon the debtor(s), the attorney for the debtor(s), if appropriate, former Chapter 13 trustee, the Chapter 7 trustee, the United States Trustee and all parties listed on the matrix herein.

Dated:  April 16, 2013

BY THE COURT

_____
Scott W. Dales
United States Bankruptcy Judge